## Commonwealth ex rel. Luongo, Appellant, *v.* Tillye.

454

Argued March 22, 1974. Before WATKINS, P. J., JACOBS, HOFFMAN, CERCONE, PRICE, VAN DER VOORT, and SPAETH, JJ.

*Ronald Ervais*, with him *Becker, Fryman & Ervais*, for appellant.

*Peter B. Scuderi*, for appellee.

OPINION BY PRICE, J., June 21, 1974:

The appellant, Helene Luongo, has filed this appeal from an Order of the Court of Common Pleas of Philadelphia County, Family Court Division, entered August 3, 1973, increasing from $7.00 per week to $12.00 per week a Support Order for the parties' 12-year-old son, Brian Tillye, who was born on March 12, 1962.

On September 23, 1963, the appellee was found by a jury to be the father of Brian in a Fornication and Bastardy prosecution, and on the same date the Court entered an order against the appellee to pay $15.00 per week towards the support of his son. On October 2, 1963, in response to a petition filed by appellee to reduce, the order was reduced to $7.00 per week. That order has remained in effect until appellant filed a petition to increase on February 8, 1973. Pursuant to a hearing held on June 18, 1973, the court on August 3, 1973, increased the Support Order to $12.00 per week, retroactive to June 18, 1973, later amended to be retroactive to May 18, 1973.

Appellant has filed this appeal alleging that the Support Order is inadequate. Under the facts and circumstances herein presented, we agree and will reverse.

The record is unclear as to the exact financial situation of appellee in 1963 at the time of the original order. Although appellee testified that he had no idea what he was making or what he was earning in 1963, appellee did acknowledge that he was not making as much in 1963 as he is at the present time. However, the lower court found that appellee's father died in 1968 and devised to him a jewelry business on Sansom Street in Philadelphia. This devise of the jewelry business was conditional; the condition placed upon the devise being that he was to pay his two sisters the sum of $10,000 each. Apparently this condition had no time limit, and no payments have been made to the appellee's sisters to date. Appellee testified that he was supposed to start these payments in January of 1974; however, he has developed no detail as to the method, amount or time in which this is to be performed. At the time appellee took over the jewelry business in 1968, the business was subject to debts amounting to $45,000. The building in which the business was and is being conducted and which is now owned by the

appellee, subject to the conditional devise, was subject to a mortgage on which in 1968 the balance was $27,500. The lower court also found that in the six years in which appellee has owned his late father's business and building, he has managed to eliminate a good portion of the $45,000 debt left by his father and also has managed to reduce the $27,500 mortgage to a present balance of $10,000. The building which was devised to the appellee was in 1968 valued at $55,000.

At the present time appellee supports himself, his wife and their two children. He pays $272.00 a month for rent and estimates that his rent plus utilities are about $500.00 a month. The appellee's tax returns indicate an average taxable income in 1970, 1971 and 1972 of $13,653.78, with the peak year being 1972, in which his taxable income was $16,228.10. We note, although the lower court did not mention this in its opinion, that in 1972 appellee's net profit from the operation of his business was $25,355.71. Appellee testified and the lower court found that his prospects in his business for the immediate future are not promising. The appellee testified that he had no source of income beyond his business, other than an inheritance from his mother's estate who died in 1972. The said inheritance is estimated to be between $12,000 and $15,000, and had not yet been received at the time of the lower court hearing.

The record reveals that the appellant, who has always worked, is presently earning $108.00 per week. She is currently buying the home in which she and her son live, and has testified that she has succeeded in raising her son to date on her own salaries, supplemented by the $7.00 per week Support Order paid by the appellee. The child presently attends St. Bartholomew's Catholic School where he maintains a 91.5 average. Appellant's testimony indicates that her expenses

for her son, deducting her own personal expenses, amount to $208.00 per week, and that she has had an expense of $700.00 for dental work to her son's teeth, and that she needs additional monies for her son as he becomes older and would like him to enjoy pursuits that are enjoyed by other children his age, such as Boy Scout camp and clothing and other equipment normally required by boys of similar age.

We have always held that the purpose of a Support Order is to determine a reasonable allowance for the support of children, keeping in mind the property and earning capacity of the parents and the station in life of the parties. *Commonwealth ex rel. Shumelman v. Shumelman,* 209 Pa. Superior Ct. 87, 223 A. 2d 897 (1966) ; *Commonwealth ex rel. O'Hey v. McCurdy,* 199 Pa. Superior Ct. 115, 184 A. 2d 291 (1962) ; *Commonwealth ex rel. Warner v. Warner,* 194 Pa. Superior Ct. 496, 168 A. 2d 755 (1961). We also note that the cost of living is considerably higher now than it has ever been before in the history of this country, and that the expense of feeding clothing and educating children has increased substantially. This is particularly true in the period herein involved between 1963 and 1973.

Orders of support are not final and may be increased or decreased where the financial conditions of the parties change. *Commonwealth ex rel. Kaplan v. Kaplan,* 219 Pa. Superior Ct. 163, 280 A. 2d 456 (1971) ; *Commonwealth ex rel. Meth v. Meth,* 188 Pa. Superior Ct. 553, 149 A. 2d 488 (1959). And it is the burden of the party seeking to modify a support order to show by competent evidence such a change of circumstances as will justify a modification. *Commonwealth ex rel. Brennan v. Brennan,* 202 Pa. Superior Ct. 255, 195 A. 2d 150 (1963) ; *Commonwealth ex rel. Bassion v. Bassion,* 199 Pa. Superior Ct. 541, 185 A. 2d 822 (1962).

As we have previously noted, there is very little upon this record to properly evaluate the appellee's financial situation in 1963, but there is ample testimony to evaluate his substantially increased financial status between 1968 and the present time. We are sympathetic with some of the remaining financial problems that appellee continues to face, however, we feel that they are not of such a nature as to deny this child some substantial benefit from his father's current situation and feel that the order of the lower court which grants an additional $5.00 per week does not adequately measure the cost of living factor between 1963 and the present time, let alone consider the change in the appellee's financial situation and the increased needs of an older boy. This court has previously recognized that the increased expenditures which are incurred by reason of the needs of growing children are important items to consider in support modification proceedings. *Commonwealth ex rel. Balph v. Balph,* 210 Pa. Superior Ct. 244, 232 A. 2d 76 (1967); *Commonwealth ex rel. Arena v. Arena,* 205 Pa. Superior Ct. 76, 207 A. 2d 925 (1965). The entry of such an unreasonably low figure in this case constituted an abuse of discretion, and we will reverse. *Commonwealth ex rel. Goichman v. Goichman,* 226 Pa. Superior Ct. 311, 316 A. 2d 653 (1973).

We recognize, of course, that petitions can be filed in the future, either decreasing or increasing the present Support Order based upon a showing in good faith of a change in circumstances, *Commonwealth ex rel. Lipsky v. Lipsky,* 214 Pa. Superior Ct. 215, 251 A. 2d 729 (1969); *Commonwealth ex rel. Naselsky v. Naselsky,* 199 Pa. Superior Ct. 270, 184 A. 2d 288 (1962), but none the less, hold that the order entered by the lower court granting a $12.00 a week Support Order is inadequate under the circumstances here presented.

We, therefore, reverse the order of the lower court and remand for further hearings not inconsistent with this opinion.

HOFFMAN, J., did not participate in the consideration or decision of this case.