445 A.2d 1299

**COMMONWEALTH of Pennsylvania ex rel. Phyllis J. DARLING**

v.

**Robert E. DARLING, Appellant.**

Superior Court of Pennsylvania.

Argued April 13, 1981.

Filed May 21, 1982.

---

**2.** We deferred our decision in this case until the opinion in *Williams* had been filed.

Bruno A. Muscatello, Butler, for appellant.

No appearance entered nor briefs submitted on behalf of appellee.

Before CAVANAUGH, JOHNSON and SHERTZ, JJ.

PER CURIAM:

This is an appeal by appellant-husband Robert E. Darling, from an order of support in the amount of $46 per week for his wife, appellee Phyllis J. Darling. Appellant contends that the support order is excessive and based on facts not of record, thereby constituting an abuse of discretion by the lower court. We agree and, accordingly, reverse and remand this case for a new support hearing.

On December 7, 1979, appellee filed a complaint for support against appellant. In her complaint, appellee sought support for herself alone since no children were born of this marriage. A hearing was subsequently held on March 11, 1980, before the Honorable John C. Dillon of the Court of Common Pleas of Butler County.

At the hearing, appellee testified that she was employed at the Butler County Mushroom Farm and earned a net pay of approximately $550 per month. An additional $30 per week was deducted from her salary and put into a credit union savings account. Mrs. Darling further stated that her monthly expenses totaled between $655–$700.

Appellant, employed as a painter at Pullman-Standard, testified that he earned $989 net pay per month. Up until three weeks before the hearing, appellant held a second job at Wayne Sell Trucking Corporation which netted between $200–$430 monthly. Appellant indicated, however, that he had been laid off as a result of work shortage and had no guarantee of re-employment. His monthly expenses were estimated to be $1104.

Following the hearing, the lower court ordered appellant to pay $46 per week for appellee's support, retroactive to December 7, 1979. In his memorandum opinion accompanying the order, the court explained the support award as follows:

The record indicates that the wife earns approximately $585.00 per month, and that her husband's earnings at Pullman are approximately $1,000.00 per month. In addition, his second source of earnings yields from $200.00 to

$400.00 per month. For the purpose of this proceeding, we use $200.00. In applying the guidelines to this situation, to wit, wife's income of $600.00 and husband's income of $1,200.00, we find that $200.00 is the suggested monthly support order. Converting this to a weekly order indicates that $46.00 is an appropriate order.

Our review of the lower court's order is narrow. In *Machen v. Machen*, 278 Pa.Super. 135, 137, 420 A.2d 466, 467 (1980), we summarized the applicable standard of review in support matters:

> In support proceedings, an appellate court will defer to the lower court, absent a showing of a clear abuse of discretion. *Costello v. LeNoir*, 462 Pa. 36, 337 A.2d 866 (1975); *Weiser v. Weiser*, 238 Pa.Super. 488, 362 A.2d 287 (1976) (SPAETH, J. concurring and dissenting opinion). In order to determine whether an abuse of discretion has occurred, we consider whether the lower court has misapplied or overridden existing law, made a manifestly unreasonable judgment, or ruled with partiality, prejudice, bias or ill will. *Straub v. Tyahla*, 274 Pa.Super. 411, 418 A.2d 472 (1980) (child support) *quoting Commonwealth ex rel. Levy v. Levy*, 240 Pa.Super. 168, 177, 361 A.2d 781, 785 (1976). Among the principles of existing law that the lower court must apply is the principle that in determining a spouse's support obligation, the factors to be considered are income, potential earning capacity, and other property and financial resources. *Straub v. Tyahla, supra; Commonwealth ex rel. ReDavid v. ReDavid*, 251 Pa.Super. 103, 380 A.2d 398 (1977).

We have reviewed the proceedings below and must conclude that the lower court's judgment, in awarding appellee $46 per week in support from appellant, was "manifestly unreasonable."

Our reason for so finding is that the court inappropriately considered the $200 obtained from appellant's second source of earnings in fashioning its support order. There was uncontradicted evidence presented at the support hearing that appellant had been laid off from his second job three

weeks earlier. Appellant further testified, without contradiction, that he had no present hope of regaining employment at Wayne Sell Trucking Corporation. While we might ordinarily look askance at such a sudden reduction in earnings, *See Weiser v. Weiser*, 238 Pa.Super. 488, 362 A.2d 287 (1976), we decline to do so here. There is nothing in the record to indicate that appellant voluntarily relinquished his alternate employment in an attempt to reduce the amount of support owed to appellee. Nor has appellee argued that appellant acted in less than good faith in this regard. Although appellant has, in the past, been able to secure employment in addition to his job at Pullman-Standard, the time for measuring earning power is the time of the hearing, not the past. *Lindenfelser v. Lindenfelser*, 396 Pa. 530, 535, 153 A.2d 901, 905 (1959); *Commonwealth v. Testa*, 226 Pa.Super. 585, 587–588, 323 A.2d 199, 200–201 (1974). Thus, the fact that appellant has maintained second jobs in the past, or may do so again at an indeterminable time in the future, should not have been considered by the court in determining appellant's present support obligation.

Since the lower court improperly calculated appellant's income to be $1200 per month, its support award was, therefore, excessive.[1] For this reason, we find it necessary to reverse this case and remand for a new support hearing to clarify the financial situations of both parties.

On remand, the court should also make an effort to ascertain facts left either unexplored or undeveloped at the support hearing. For example, it is unspecified whether appellant's claimed monthly expenses included obligations incurred by himself or with appellee jointly. While a support hearing need not be exhaustive, there must be compe-

---

1. The lower court indicated in its opinion that it arrived at the $46 per week figure by applying "the guidelines." We are aware that some counties in our state employ specific guidelines to aid in the determination of appropriate support payments. By finding the instant award excessive, we are not passing any judgment on the usefulness of support guidelines. Rather, we find only that the court, in applying the guidelines, improperly considered appellant's monthly income to include the $200 formerly received from Wayne Sell Trucking Corporation.

tent and sufficient information available to the factfinder to enable him or her to fix a reasonable and proper amount for support. The scant record below does not allow for such a determination.

Reversed and remanded for proceedings consistent with this opinion.[2] We do not retain jurisdiction.

SHERTZ, J., did not participate in the consideration or decision in this case.

2. Because of our disposition of this case, it is unnecessary to decide whether the court properly made its order retroactive to December 7, 1979.