519 A.2d 516

**Bonnie K. FORRY, Appellant,**

v.

**David S. FORRY, Appellee.**

Superior Court of Pennsylvania.

Argued June 26, 1986.

Filed Dec. 5, 1986.

Reargument Denied Jan. 23, 1987.

Frederick S. Wolf, Lebanon, for appellant.

Edward Finkelstein, Harrisburg, for appellee.

604

Before WIEAND, BECK and WATKINS, JJ.

BECK, Judge:

This is an appeal from an order denying a petition to modify child support. Appellant/mother sought an increase in child support from appellee/father. Thirteen years ago the court ordered the father to pay $22.50 per week. The court held in denying the petition that the mother did not prove a substantial change in circumstances justifying consideration of an increase in support. Mother claims that the court abused its discretion. We agree and, therefore, vacate the order and remand for further proceedings.

Initially, father claims that mother failed to preserve the issue on appeal. Father filed exceptions to the domestic relations hearing officer's recommendation that the mother's petition be granted. In response Mother untimely filed a brief in opposition to the exceptions and did not appear at the argument on the exceptions. Father contends that, under Pa.R.A.P. 302 and 2117(c), mother therefore failed to preserve the issue.

██ We reject father's reasoning. His argument is that mother's failure to oppose his exceptions constituted a waiver of her issue. He overlooks that until his exception was sustained by the court, mother had no issue to preserve. Before this point, unless she wanted a further increase in the support order, mother had no reason to object to a hearing officer's recommendation that her child was entitled to an increased amount of support from appellee.

The court decided the instant case based on one exception out of seven filed by the father. The court did not consider the father's other objections.

██ Mother contends that the court abused its discretion in concluding that she had not shown a substantial change in circumstances which would justify consideration of an increase in the amount of child support. A modification may only be ordered after the proponent of the modification

presents evidence proving a substantial change in circumstances. *Jaskiewicz v. Jaskiewicz*, 325 Pa.Super. 507, 473 A.2d 183 (1984). The court held that mother's only proof was her general statement at the domestic relations hearing that her expenses for rearing her daughter had increased in the last 13 years. The court concluded that the hearing officer referred only to the passage of time in his findings of fact in making his recommendation that the mother's petition be granted. On this basis alone, the court reasoned, an increase in support could not be considered.

We agree with the court that the mere passage of time does not in itself constitute a change of circumstances. Where a protracted period of time has elapsed, however, time itself becomes a factor to be considered. Under the circumstances of the instant case the passage of thirteen years, during which the child for whom increased support is sought developed from a two year old child to a fifteen year old teenager, should have been viewed as a significant factor.

In addition to the passage of time, a review of the record reveals other factors supporting changed circumstances: mother and father have remarried, mother has another child; mother and father's income is greater now than when the original order was set, the child now attends private school [1] and requires psychological counselling; and the second spouses of mother and father contribute to the expenses of their households. These factors, along with the passage of time, support changed circumstances.

The court abused its discretion in its failure to take into account record evidence tending to show a change in circumstances. *See Melzer v. Witsberger*, 505 Pa. 462, 480 A.2d 991 (1984).

We therefore vacate the order. Since the court ruled on only one of the father's seven exceptions we remand for reconsideration of father's undecided exceptions. To facili-

---

1. The child's educational expenses are provided in part by a trust fund.

tate proper review, we direct that the court set a new schedule for filing briefs and for arguments on the exceptions.

Order vacated and case remanded for further proceedings. Jurisdiction is not retained.