529 A.2d 518

**Patricia MacCartney PALMATIER**

v.

**James MacCARTNEY, Appellant.**

Superior Court of Pennsylvania.

Submitted June 1, 1987.

Filed Aug. 7, 1987.

Daniel F. Glassmire, Coudersport, for appellant.

Martha J. Duvall, Assistant District Attorney, Coudersport, for appellee.

Before CIRILLO, President Judge, and TAMILIA and WATKINS, JJ.

TAMILIA, Judge:

Appellant/father appeals the trial court's grant of appellee/mother's Petition to Modify Support Order. We affirm the Order of the lower court.

The parties entered an agreement on March 23, 1981, under which father was to pay mother $300 per month for support of their four minor children. A divorce decree dated April 22, 1981 incorporated this agreement. In February of 1983, father filed a Petition to Modify the Support Order. An Order was issued on March 3, which required that during the summer months when father had custody of the children, he would be responsible for only one-third of his support obligation under the prior Order. On August 15, 1986, mother filed a Petition to Modify Support Order. In her Petition to Modify Support Order, mother claimed there had been a change of circumstances in that the $300 per month support was no longer adequate to support four teenage boys [1] whose expenses had increased. A hearing on this modification was held on September 9, 1986 before

1. At the time of the hearing, the boys were ages 16, 15, 14 and 11 (H.T. 9/10/86, p. 3).

senior Judge Paul B. Greiner, specially presiding, and subsequently, the child support Order was increased from $300 a month to $400 a month, with no credit to father for the periods during which the children visit him. Father filed notice of appeal on October 22, 1986. The lower court issued a memorandum opinion and Order on January 12, 1987.

The lower court, in its memorandum opinion and Order of court, found that both parties had remarried after the divorce. Both are employed as school teachers. Mother teaches in New York State and is paying $160 per credit for thirty credit hours toward a required master's degree. Her net income from teaching is $349.82 per two-week pay period or $174.92 per week. Additionally, mother works as a waitress for approximately twenty hours per week at $2.35 per hour, for an average of $35 per week, plus average tips of $10 per night, Monday through Thursday and $25 per night on Fridays. With Internal Revenue Service deductions allowed, mother's net income is about $236 per week.

Father's net income is $1,479.12 per month or $341.33 per week. The court looked to the applicable county support guidelines and determined that with four dependents, father's obligation would be $87 per week or $377 per month.[2] The lower court also found father's living expenses (with the $300 support payments deducted) to be $1,116.97, which would leave him $362 as an available balance. The trial court concluded that the monthly expense payments of father included amounts for payments on charge accounts "all of which cannot be attributed to the necessities of life and particularly to his own maintenance, clearly indicating 'overspending' and lack of good fiscal management."

In *Fee v. Fee,* 344 Pa.Super. 276, 279, 496 A.2d 793, 795 (1985), this Court restated the standard of review applicable in child support cases:

**2.** Support guidelines are required for the courts of common pleas pursuant to 23 Pa.C.S.A. § 4322.

On appeal, a trial court's child support order will not be disturbed unless there is insufficient evidence to sustain it or the court abused its discretion in fashioning the award. *Commonwealth ex rel. Robinson v. Robinson,* 318 Pa.Super. 424, 465 A.2d 27 (1983); *Downie v. Downie,* 314 Pa.Super. 548, 461 A.2d 293 (1983). An abuse of discretion is not " 'merely an error of judgment, but if in reaching a conclusion the law is overridden or misapplied, or the judgment exercised is manifestly unreasonable, or the result of partiality, prejudice, bias or illwill, as shown by the evidence or the record, discretion is abused.' " *Boni v. Boni,* 302 Pa.Super. 102, 109, 448 A.2d 547, 550 (1982) (citations omitted); *Commonwealth ex rel. Darling v. Darling,* 300 Pa.Super. 62, 445 A.2d 1299 (1982).

*Id.,* 344 Pa.Superior Ct. at 279, 496 A.2d at 794. *See also Kopp v. Turley,* 359 Pa.Super. 106, 518 A.2d 588 (1986).

■ Additionally, orders must be fair and not confiscatory and must allow for reasonable living expenses for the supporting parent. *Commonwealth ex rel. Cochran v. Cochran,* 339 Pa.Super. 602, 489 A.2d 804 (1985) (citing *Commonwealth ex rel. Robinson v. Robinson,* 318 Pa.Super. 424, 465 A.2d 27 (1983); *Commonwealth v. Vogelsong,* 311 Pa.Super. 507, 457 A.2d 1297 (1983)).

■ In a Petition to Modify a Support Order, the petitioner carries the burden of proving by competent evidence that a material and substantial change of circumstances has occurred since the entry of the original support Order. *Koller v. Koller,* 333 Pa.Super. 54, 58, 481 A.2d 1218, 1220 (1984) (citing *Commonwealth ex rel. Vona v. Stickley,* 287 Pa.Super. 296, 430 A.2d 293 (1981)). The lower court must consider all pertinent facts and base its decision upon facts appearing in the record which indicate that the movant did or did not meet the burden of proof as to changed circumstances. *Koller, supra,* 333 Pa.Superior Ct. at 56, 481 A.2d at 1220; *Commonwealth ex rel. Scanlon v. Scanlon,* 311 Pa.Super. 32, 457 A.2d 98 (1983).

■ In the instant case, the lower court committed no abuse of discretion. It had before it detailed income and expense information from which it could have found a material change in circumstances existed. The court questioned appellee as to why she felt she should receive an increase in child support for the boys. Her response was:

Alright, the boys' ages and the amount of food they eat now is greater. Also the prices for clothing is much more. Even though they have jobs, except for the younger, and with Jarett driving the insurance and needs are greater. I am working two jobs to maintain the home and also, when the children in the summer, (sic) when they visit their father the support is cut which is usually in August and it comes time for school clothing and it makes it very difficult for me alone to maintain them.

(T.T. 9/10/86, p. 8).

The court also worked within the county support guidelines, giving consideration to expenses of both parties, and determined that father's obligation should be $377 per month. Contrary to the appellant's contention, when the initial agreement was made, the mother was employed as a sales person in a department store, working on salary and commissions. Although remarried, aside from contribution to payment of the mortgage and car insurance, her present husband works out of town and contributes nothing to the household or childrens' expenses. In addition to her ordinary expenses, she is attending graduate school to assure her accreditation as a teacher and her average monthly expense is $120.

The mother admittedly had increased income, but as the court aptly pointed out, increased income must be considered in relation to expenses. *See Commonwealth ex rel. Littman v. Littman,* 260 Pa.Super. 97, 393 A.2d 1030 (1978). There has been no increase in the agreement since 1981 and the combined effect of inflation, *Shapera v. Levitt,* 260 Pa.Super. 447, 394 A.2d 1011 (1978); *Commonwealth ex rel. Luongo v. Tillye,* 229 Pa.Super. 453, 323 A.2d 172 (1974), the education expenses the mother is required to

bear to remain employed and the increased expenses incurred by the mother for children, now five years older moving into high school and who in all respects require more, cannot be ignored. *Commonwealth ex rel. Balph v. Balph*, 210 Pa.Super..244, 232 A.2d 76 (1967). In this case, since the original agreement was without testimony, a court may be justified in examining the entire situation and may not be limited to considering only changed circumstances. *See Commonwealth ex rel. Lyle v. Lyle*, 248 Pa.Super. 458, 375 A.2d 187 (1977). Moreover, the court found that at least part of father's loan obligations were for the benefit of third parties and not solely for his own maintenance, so that he had additional income available for child support. In addition, his wife is employed and, while her income is not available for support, its effect on the total financial status of the appellant cannot be ignored.

Finding no abuse of discretion, we affirm the Order of the lower court.

Order affirmed.