563 A.2d 172

**COMMONWEALTH of Pennsylvania ex rel. Dolores Ann SLADEK, Appellee,**

v.

**Robin L. SLADEK, Appellant.**

Superior Court of Pennsylvania.

Argued June 6, 1989.

Filed Aug. 31, 1989.

Richard H. Pratt, Doylestown, for appellant.

John D. Blumenthal, Doylestown, for appellee.

Before CIRILLO, President Judge, and ROWLEY and MONTEMURO, JJ.

MONTEMURO, Judge:

Appellant, Robin Sladek, appeals from an order increasing his child support payments, claiming that the trial court erred in granting an increase where appellee, Dolores Sladek, failed to prove a material change in circumstances justifying modification. Because we agree with appellant that no material change in circumstances justifying an increase was established by appellee, we reverse.

The parties are the parents of three children, Jennifer, Melissa, and Jonathan, respectively aged 19, 15, and 13 at time of hearing. In 1981, appellant began paying support for all three children pursuant to a court order.[1] At that time, the children then 12, 8, and 6, were all living with the appellee. A change in the amount of support occurred in August of 1986, when the oldest child began residing with appellant. The court reduced the order to $500/month, which represented support for the two youngest children only. This amount was increased to $600/month in 1988 when appellee petitioned the court for modification based solely upon a rise in the cost of living. Although no specific instances of increased child-related expenses were outlined by appellee,[2] the trial court granted her petition. It is from the 1988 order that appellant appeals.

When modification of a child support order is sought, the moving party has the burden of proving by competent evidence that a material and substantial change of circumstances has occurred since the entry of the original or modified support order. *Steinmetz v. Steinmetz*, 381 Pa.Super. 440, 554 A.2d 83, 85 (1989); *Shutter v. Reilly*, 372 Pa.Super. 251, 255, 539 A.2d 424, 426 (1988). The lower court must consider all pertinent circumstances and base its decision upon facts appearing in the record which indicate that the moving party did or did not meet the burden of proof as to changed conditions. *Lampa v. Lampa*, 371 Pa.Super. 1, 9, 537 A.2d 350, 352 (1988). We will not disturb a child support order unless the trial court, in determining the amount of support, has abused its discre-

1. The amount of support payable under the original order is not clear from the record. However, in 1985 the appellant was paying $600.00 per month for the support of all three children.

2. When asked what the changed circumstances were which necessitated the increase in child support, appellee responded: "The change of circumstances are the cost of living. And the increase, I'm a single head of household, only income coming into the house. Cost of living, it's costing me more." (N.T., November 30, 1988, at 5). When asked if there were any other changes she felt entitled her to an increase, she asserted: "I think cost of living is fair enough. We've fallen below the county guidelines." (N.T., November 30, 1988, at 7).

tion. *Steenland–Parker v. Parker,* 375 Pa.Super. 457, 460, 544 A.2d 1010, 1012 (1988). Where the evidence is insufficient to sustain the order, an abuse of discretion will be found. *Id.,* 375 Pa.Superior Ct. at 461, 544 A.2d at 1012.

Factors upon which the trial court relied in reaching its decision were:

[I]t is apparent that the plaintiff's [appellee's] net weekly expenses have increased by $130.00 per week since August of 1986 and her salary has approximately doubled from her established earning capacity of 1986. At the same time, defendant's [appellant's] weekly expenses have increased significantly as has his salary. Additionally, it must be noted that the defendant is afforded the use of an automobile as part of the compensation of his employment. Although no value is assigned to that, clearly this is a perquisite of significance.

Of greater importance, however, than the cold numbers in this case, we must recognize both the advanced ages of the children as well as the ever increasing cost of living.... Melissa and Jonathan are now age 15 and 13 and are clearly more expensive to maintain than they were in August of 1986. Under these circumstances, and even where there may be no financial change regarding the parents, an order may be increased by virtue of the showing of advancing ages of the children. *Commonwealth ex. rel. Balph v. Balph,* 210 Pa.Super. 244, 232 A.2d 76 (1967) and *Forry v. Forry,* 359 Pa.Super. 602, 519 A.2d 516 (1986).

Trial Court Opinion, February 15, 1989, at 3 & 4. The trial court's reliance upon *Balph* and *Forry, supra,* is inappropriate in that these cases are distinguishable from the case at bar. Unlike the instant situation, in *Balph* and *Forry,* and the cases which follow them, the court was presented with time lapses of four years of more between support orders, and was given specific instances of increases in child-related expenditures.

In *Balph, supra,* the original support order in the amount of $150.00/month for two infants was issued in 1961. Four

years later, the trial court raised the amount to
$450.00/month based solely upon the advancing age of the
children. The expenses necessitating the increase included
private school, membership at a swimming club, medical
bills, toys, food, babysitting fees, and psychiatric care for
one of the children. We held that such a large increase
constituted an abuse of discretion where the only significant
change was the increased age of the children which made
them eligible for school attendance, and we reduced the
amount to $250.00 per month. *Id.* 210 Pa.Super. at 249, 232
A.2d at 78. Although we upheld an increase in the amount
of support based on the incidence of age-related expenses,
we did so only after the petitioner had presented specific
instances of these greater expenditures.

In *Commonwealth ex. rel. Luongo v. Tillye,* 229 Pa.Su-
per. 453, 458, 323 A.2d 172, 174 (1974), our recognition that
"the increased expenditures which are incurred by reason of
the needs of growing children are important items to consid-
er in support modification proceedings," was predicated
upon a situation in which ten years had passed since the
original support order was entered, and the child had grown
from a year old infant into an eleven year old boy who was
attending Catholic school. In that case, we held that the
trial court's $20.00 per month increase in child support did
not adequately measure the cost of living factor between
1963 and 1973, let alone consider the change in the father's
financial situation and the increased needs of an older boy.
*Id.,* 229 Pa.Superior Ct. at 458, 323 A.2d at 174. As in
*Balph,* the mother in *Tillye* made specific references to
increases in expenditures caused by the child's advancing
age which necessitated the increase in support, such as her
purchase of the home in which she and her son were living,
the child's school tuition, the child's dental and clothing
bills, and her desire to allow his participation in such
activities as Boy Scout Camp.

In *Forry, supra,* we reversed the trial court's denial of an
increase in child support, which was based upon the conclu-
sion that the only proof of a needed increase was the
mother's general statement at the domestic relations hear-

ing that her expenses for rearing her daughter had increased in the last thirteen years, and held that although mere passage of time does not in itself constitute a change of circumstances, the passage of thirteen years, during which the child aged from two to fifteen, was a significant factor and when combined with such factors as remarriage of both parents, birth of another child to the mother, increase in both parent's incomes, attendance at a private school by the child, and cost of the child's psychological counseling sessions, would constitute changed circumstances. *Id.* 359 Pa.Super. at 605, 519 A.2d at 517. Finally, in *Palmatier v. MacCartney,* 365 Pa.Super. 300, 304, 529 A.2d 518, 520 (1987), we affirmed the trial court's $100.00 per month increase in child support for four children which was based upon the five year lapse of time between the original support order and the present modification; the combined effect of inflation, the educational expenses incurred by the children's mother which were required for her continued employment; and the increased expenses necessitated by the reality of raising four teenage boys. We note that unlike the appellee in the instant case, when the mother in *Palmatier* was asked why an increase was needed, she replied that the boys, then age 16, 15, 14, and 11, consumed more food than they did five years ago; their clothes were more expensive then they were five years ago; and car insurance for the oldest boy was an expense which did not exist five years ago. *Id.,* 365 Pa.Superior Ct. at 304, 529 A.2d at 520. In addition, unlike the instant case, the trial court in *Palmatier* had before it detailed income and expense information from which it could have found a material change in circumstances existed. *Id.,* 365 Pa.Superior Ct. at 304, 529 A.2d at 520.

■ The facts of the instant case differ significantly from those present in the above cases. Herein, appellee's [3] petition for an increase in child support was premised only upon the increased cost of living. The record is devoid of any references to specific increases in expenditures caused by

3. Appellee was represented at trial by Bucks County District Attorney's Office.

either the childrens' advancing ages or the increased cost of living.  A review of the record reveals only one additional expense since the modification of the support order in 1986, that is, a 1988 car loan, which arose from the trade-in of appellee's car for a 1985 BMW.  Unlike the children in the cases above cited, the two children in the instant case have not dramatically changed in age since the support order was last modified.  One was already a teenager when the order was modified in 1986, and the other was nearing that age.  Expenses, which appellee would be expected to incur due to the childrens' school attendance, already existed in 1986.  Moreover, any increases in the children's medical bills are absorbed by appellant, whose insurance covers the childrens' medical needs.  Nor is the mere passage of two years sufficient to constitute a change in circumstances. *Forry, supra.*  For these reasons, we hold that appellee's conclusory declaration that an increase in support was necessitated by the increase in the cost of living over a two year period, without any reference to specific instances in which the increase in the cost of living has affected her expenditures in relation to her two children, is insufficient to establish the existence of a change in circumstances.

Order reversed.