597 A.2d 684

**Anita NEWMAN**

**v.**

**Steve NEWMAN, Appellant.**

Superior Court of Pennsylvania.

Argued June 12, 1991.

Filed Oct. 1, 1991.

Robert M. Davison, Bethlehem, for appellant.

Judith A. Dexter, Bethlehem, for appellee.

Before MONTEMURO, BECK and CERCONE, JJ.

BECK, Judge:

■ The issue in this case is whether the enactment of the statewide child and spousal support guidelines [1] constitutes a change of circumstance in and of itself so as to permit the trial court to consider modification of a prior support order. We hold that the enactment does not. Since the sole reason for the trial court's reconsideration of the prior support order was the enactment of the guidelines, we reverse the trial court.

1. Statewide child and spousal support guidelines are provided for in Pennsylvania Rules of Civil Procedure 1910.16–1 to 1910.16–5, effective September 30, 1989.

In considering whether the promulgation of the statewide support guidelines constitutes a material and substantial change of circumstances which alone can justify modification of an existing support order, we conclude the answer is clearly no. There is no indication, either in the text or accompanying comments to the guidelines, that they were intended to provide automatic justification to modify existing support orders. In fact, the guidelines themselves perpetuate the long-established criteria for seeking modification of an existing support order. Rule 1910.19 entitled **Support. Modification. Termination** provides: "(a) A petition for modification or termination of an existing support order shall specifically aver the reasons for the relief sought." The explanatory comment accompanying the section elaborates that "Modification of a prior order requires a 'material and substantial change in circumstances.' This change of circumstances should be alleged specifically." Nowhere in this provision is there evidenced an intent that the requirement of a material and substantial change of circumstances is satisfied by the mere fact of the guidelines themselves.

We think this is particularly true in light of the expressed intention by the formulators of the guidelines that they represent "a beginning" and that they shall be subject to "ongoing review".[2] It is inconceivable to us, absent explicit provision to the contrary, that every time revised guidelines are enacted, previously existing support orders will become modifiable as a result, without any showing that the circumstances of the parties involved have altered at all. Surely such a result would defeat the purpose of our long-standing prerequisite for modification which requires a showing of a change of circumstance. To adopt the trial court's position would create instability and uncertainty. Parties are entitled to rely on the amounts of support they either receive or are responsible for unless and until their own circumstances change sufficiently to warrant modification. Likewise, courts should not be made continually to reassess appropri-

2. Pa.R.C.P. 1910.16–1, Explanatory Comment—1989, Conclusion.

ate levels of support unless the specific needs or circumstances of the parties necessitate changes.[3]

In the instant case appellee-wife misapprehends the heart of the problem when she cites cases which, on remand, direct the trial court to apply the uniform state guidelines in determining the appropriate level of support. Had wife demonstrated a change of circumstances such that modification of the existing order was justified, then certainly the use of the guidelines would have been mandated in calculating the amount of support. In this case we hold merely that the enactment of the guidelines, without more, does not itself constitute the requisite change.

In a recent case, a panel of this court made clear just this distinction in its disposition of *Keating v. Keating*, 407 Pa.Super. 31, 595 A.2d 109 (1991). In *Keating*, we stated that "[t]he support guidelines must be considered in entering an original support order and in entering, as in the instant case, a modified order." *Id.*, 407 Pa.Superior Ct. at ——, 595 A.2d at 113. However, the *Keating* court reiterated that a modification "is justified only when supported by clear and positive evidence after a hearing on the merits". *Id.*, 407 Pa.Superior Ct. at ——, 595 A.2d at 115. Since, in *Keating*, the petitioner "did not meet her burden of proving that a material and substantial change in circum-

---

**3.** In a somewhat analogous case, this court found that the increase in the cost of living alone will not justify a modification in support awards. *Commonwealth ex rel. Sladek v. Sladek*, 386 Pa.Super. 490, 563 A.2d 172 (1989). In *Sladek*, we stated that "appellee's conclusory declaration that an increase in support was necessitated by an increase in the cost of living over a two year period, without any reference to specific instances in which the increase in the cost of living has affected her expenditures in relation to her two children, is insufficient to establish the existence of a change in circumstances." *Id.*, 386 Pa.Superior Ct. at 495, 563 A.2d at 175. We think that *Sladek* clarifies what must be axiomatic in regard to modification of support awards, i.e. that "change in circumstances" must relate to the circumstances of the parties and their children, and not to a change which stems from an external, neutral factor such as an increase in the cost of living or the passage of time. *See Forry v. Forry*, 359 Pa.Super. 602, 604–05, 519 A.2d 516, 517 (although the mere passage of time does not in itself constitute a change of circumstances, a protracted period of time can be considered a factor if such passage affects the nature of the needs and expenditures of child and custodial parent).

stances occurred" to justify modification, this court vacated the support order. Implicit in the *Keating* discussion is the notion that, had the propriety of modification been demonstrated on the record, the trial court would have been required to consider the guidelines in order to arrive at the appropriate support award.

▪ A review of the record here clearly indicates that, other than the trial court's mistaken acceptance of the guidelines themselves as a change in circumstances, no justification for modification was demonstrated. The progress of this case through the courts has been long and complicated. The facts relevant to this appeal are as follows. The husband filed a petition for special relief. In his petition for special relief husband offered to pay $113 and $34 weekly for two children and wife, respectively. Wife accepted this offer and therefore, on April 7, 1989, in accordance with the agreement of the parties the court entered its order.

About six months later on October 12, 1989, the wife petitioned the court for an increase based on an asserted "change in net amount of wages" and, in addition, on the fact that husband "is not making mortgage payments any more". Although delayed many times, a conference was finally held before the Domestic Relations Hearing Officer on July 9, 1990. The hearing officer calculated the parties' incomes based on husband's 1989 income tax return and wife's wage certification. The hearing officer's notes indicate that neither party submitted an income and expense statement, since each averred that there were no extraordinary expenses to consider. Based on the adjusted net incomes arrived at by the domestic relations accountant, the hearing officer calculated child and spousal support based on the uniform state support guidelines. On July 9, 1990, the court entered an order which adopted the hearing officer's recommendation that support be set at $167.00 per week for two children and $129 per week for spouse pursuant to the guidelines. Husband sought a de novo hearing which was held on October 9, 1990.

At the hearing, the trial court heard testimony from the hearing officer, a former temporary tenant who had boarded a short time at wife's house, and from husband and wife. The hearing officer presented, in conclusory form, the net income figures he had arrived at during the July 9 hearing. The former tenant testified to the amount of rent he paid wife to board at her house for a portion of 1990. Husband testified regarding the costs involved in maintaining his trucking business and regarding the proper characterization of various expenses as business-related. Wife testified that she had temporarily taken in a boarder in order to meet expenses. Further testimony was elicited from wife regarding her ability to maintain part-time employment given the fact that she is the custodial parent of small children.[4]

We summarize the hearing evidence in order to emphasize what should be plain from our recitation of the testimony. No testimony was offered or heard which even arguably could support a finding that the parties' circumstances had materially and substantially changed since the entry of the April 7, 1989 order from which modification was sought. Nothing in the record even attempted to compare the parties' circumstances in April 1989 and in October 1989 when wife sought modification. Although wife's initial petition to increase support was based on an alleged increase in husband's income and a cessation of mortgage payments by husband, no evidence was introduced to allow the trial court to make such findings or to conclude that the increase or changes were material and substantial enough to sustain the requested modification. In fact, the trial court appeared to conclude that no change of circumstances had taken place. Nevertheless, the trial court found that modification was justified based on the enactment of the statewide support guidelines. Since we hold that this conclusion was erroneous, we vacate the support order.

4. One of the minor children at home being cared for by wife is a very young child not born of this marriage and whose support is not at issue.

In the instant case, wife did not present, and in fact the trial court did not find, any proof of an increase in expenditures for the children, a change in husband's financial situation or any other facts which could demonstrate that the previous support order should be reconsidered. The sole factor justifying the increase in support cited by the trial court was the enactment of the statewide support guidelines which indicated a higher level of support than husband was obligated to pay under the previous order. This conclusion was reached without any reference to specific instances in which the previous order was insufficient to meet the particular needs of this family. Other than the intervening enactment of the support guidelines, the record establishes nothing indicating that the parties' circumstances were materially different from those in April 1989.

We therefore find that appellee failed to substantiate that a material and substantial change in circumstances had occurred since the entry of the previous support award from which modification was sought. We further find that the promulgation of the support guidelines does not alone constitute a change in circumstances such as would justify modification.

Order vacated and case remanded for proceedings consistent with this opinion. Jurisdiction relinquished.