J-S57034-15

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| M.A.D. | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| J.F.D., JR. | |
| Appellant | No. 1026 EDA 2015 |

Appeal from the Order Entered March 9, 2015
In the Court of Common Pleas of Montgomery County
Domestic Relations at No: 2007-26322

BEFORE: MUNDY, OTT, and STABILE, J.J.

MEMORANDUM BY STABILE, J.: **FILED DECEMBER 21, 2015**

Appellant, J.F.D., Jr., appeals from the trial court's March 9, 2015 order denying his petition for modification of a December 23, 2013 child support order. We affirm.

The trial court recited the pertinent facts and procedural history in its opinion of March 10, 2015:

> Currently before the [c]ourt is [Appellant's] Exceptions to the Recommendation of Support which was made a Per Curiam Order on December 23, 2013, and [Appellee M.A.D.'s] Petition for Counsel Fees. The relevant factual and procedural history is as outlined below.

> [Appellant] and [Appellee] are the parents of two minor children[....]

> On April 9, 2012, [Appellee] filed a petition for child support. On March 5, 2013, the parties appeared before the Conference Officer in Support, on [Appellee's] petition. After the conference, a Per Curiam Order was entered, wherein [Appellant] was directed to pay two thousand two hundred

sixteen dollars and forty-six cents ($2,216.46) per month for child support for both children. On March 19, 2013, [Appellant] filed Exceptions to said Order. On May 20, 2013, [Appellee] and [Appellant] appeared before the Honorable, Judge Rhonda Lee Daniele for a *de novo* hearing on [Appellee's] April 9, 2012 petition for child support.

On July 25, 2013, Judge Daniele issued an Opinion/Support Order calculating the parties' respective incomes utilizing four different time periods. Specifically, the Court calculated the parties' respective incomes from April 9, 2012 until June 30, 2012 ("first period"), from July 1, 2012 until December 31, 2012 ("second period"), from January 1, 2013 until June 30, 2013 ("third period"), and from July 1, 2013 forward ("fourth period"). [. . .] With regard to [Appellant], the Court found that [Appellant] was the sole owner of Protica, Inc., a subchapter S corporation, and also an owner of interests in several L.L.C.'s. The Court stated that [Appellant] testified regarding a drastic downturn in his business, but that it was not convinced by [Appellant's] testimony, and the documentary evidence submitted, that such a drastic downturn occurred. The Court also noted that [Appellant's] income was 'significantly more than' [Appellant] represented. Ultimately, the Court found that [Appellant] has an income/earning capacity of $25,000 per month for all four periods.

Trial Court Opinion, 3/10/15, at 1-2.

Appellant did not appeal from the trial court's July 25, 2013 support order. On August 17, 2013, he filed the instant modification petition. A conference officer recommended dismissal, finding no change in circumstances, and Appellant filed exceptions. The trial court, Judge Steven C. Tolliver, conducted protracted hearings on May 5, 2014, July 28, 2014, and February 12, 2015. At those hearings, Appellant testified that Protica's financial health has been in decline since 2011. Protica manufactures protein-based health foods and drinks. Appellant also noted that Protica

filed for Chapter 11 bankruptcy protection on May 5, 2013. In June of 2013, Protica laid off most of its employees and defaulted on a $3.9 million business loan. Protica eventually sold its production lines to another company, Nutritional Resources, Inc. ("NRI") while Protica transitioned from manufacturing to sales. Appellant testified that his current annual earnings from Protica are capped at $120,000 under an agreement with Protica's creditors.

Judge Tolliver dismissed Appellant's petition, reasoning in large part that Appellant's challenges relate to circumstances that predate the prior support order, and that his allegations of changed circumstances lacked credibility. Thus, Appellant cannot establish a change in circumstances. Appellant counters that the alleged change in circumstances occurred during the weeks between the May 20, 2013 hearing and the July 25, 2013 support order. Appellant states the questions involved as follows:

    I.    Did the trial court abuse its discretion by entering an order which failed to consider the financial circumstances presented prior to the filing of the petition to modify support, on the basis that a party must show a material and substantial change in circumstances since entry of an order, despite the fact that it took the trial court two months after the prior support trial concluded to enter its order, and the effect of this delays [sic] is not an issue contemplated in the Pennsylvania Rules of Civil Procedure or Pennsylvania case law?

    II.    Did the trial court abuse its discretion by entering an order that failed to conclude that credible evidence presented by [Appellant], regarding a material and substantial change in circumstances, warranted a modification of support, obligation for private school tuition, and other expenses for

the children, despite the fact that the trial court never concluded that [Appellant's] evidence at trial was not credible?

III.   Did the trial court abuse its discretion in entering an order which failed to conclude that evidence reflecting a material and substantial change in circumstances to [Appellee's] income warrant a modification of support, obligation for private school tuition, and other expenses for the children?

Appellant's Brief at 5.

We conduct our review as follows:

When evaluating a support order, this Court may only reverse the trial court's determination where the order cannot be sustained on any valid ground. We will not interfere with the broad discretion afforded the trial court absent an abuse of the discretion or insufficient evidence to sustain the support order. An abuse of discretion is not merely an error of judgment; if, in reaching a conclusion, the court overrides or misapplies the law, or the judgment exercised is shown by the record to be either manifestly unreasonable or the product of partiality, prejudice, bias or ill will, discretion has been abused. In addition, we note that the duty to support one's child is absolute, and the purpose of child support is to promote the child's best interests.

**Morgan v. Morgan**, 99 A.3d 554, 556-57 (Pa. Super. 2014), *appeal denied*,

113 A.3d 280 (Pa. 2015).

Moreover,

A Court may only modify an existing support award when the party requesting the modification shows a material and substantial change in circumstances since the Order was entered. In order to modify a support order, **the moving party has the burden of proving by competent evidence that a material and substantial change of circumstances has occurred since the entry of the original or modified order.** The change in circumstances must be permanent, meaning it is irreversible and indefinite in duration. We have refused to disturb a support award unless the trial court in determining the amount of support, has abused its discretion in determining the

amount of the award and where the moving party's burden of proof has not been met.

**Crawford v. Crawford**, 633 A.2d 155, 164 (Pa. Super. 1993) (emphasis added).

As is evident from the foregoing, Appellant's first argument—that Judge Tolliver erred in refusing to consider circumstances that predate the prior support order—is legally incorrect. This Court has held repeatedly that any alleged changed circumstances must post-date the prior support order. **Id**; **see also Sammi v. Sammi**, 847 A.2d 691, 695 (Pa. Super. 2004) ("When modification of a child support order is sought, the moving party has the burden of proving by competent evidence that a material and substantial change of circumstances has occurred since the entry of the original or modified order.") (quoting **Sladek v. Sladek**, 563 A.2d 172, 173 (Pa. Super. 1989)); **Lampa v. Lampa**, 537 A.2d 350, 352 (Pa. Super. 1988) (same).

In addition, the **Crawford** Court explained that the law imposes no deadline within which the trial court must issue a support order. **Crawford**, 633 A.2d at 161. The **Crawford** Court criticized the trial court for a three-year delay between the hearing and the eventual support order, but found no prejudice to the husband arising from that delay inasmuch as he was not required to pay interest on outstanding arrearages. **Id.** More importantly, the Court wrote that the husband cited "no basis in law or fact upon which this Court may grant him relief." **Id.** Appellant believes **Crawford** supports his argument because Appellant, unlike the husband in **Crawford**, suffered

prejudice. We disagree. The **Crawford** Court charged husband with knowledge of the law governing support proceedings, including the rule that the support order would be effective as of the date his wife filed the complaint for support. **Id.** (citing Pa.R.C.P. 1910.17(a)). Similarly, in the instant case, Appellant should have been aware of the well-settled rule that a modification petition must allege changed circumstances that post-date the existing support order. If Appellant suffered a sudden and dramatic change in his financial circumstances after the May 20, 2013 hearing but before the July 25, 2013 order, nothing prevented Appellant from informing the court of those circumstances before it issued an order. Based on the rule expressed in the above-cited cases, Appellant was obligated to do so. He did not.

Furthermore, as the trial court noted, the record does not support the factual basis for Appellant's first argument. Protica filed for bankruptcy on May 5, 2013, fifteen days before the final protracted hearing in front of Judge Daniele. Protica's financial decline predated the final protracted hearing before Judge Daniele, she was aware of the bankruptcy when she issued her support order. Appellant's first argument does not merit relief.

In his second argument, Appellant asserts that the trial court's ruling is in error because the court did not find Appellant's evidence and testimony lacking in credibility. According to Appellant, the record contains uncontradicted credible evidence of the significant downturn in Protica's financial health. Furthermore, Appellant notes that the existing support

order set his earning capacity at $25,000 per month based on his 2011 tax return. Appellant claims it is unfair for that order to remain in effect given the misfortunes he suffered beginning in mid-2013. As we have just explained, the trial court denied Appellant's petition because the alleged changed circumstances predated the July 25, 2013 support order. Appellant persists in that challenge on appeal. Appellant's Brief at 18, 20. The trial court was correct in ruling that the law requires the alleged changed circumstances to post-date the existing order.

Moreover, as Judge Tolliver noted, Judge Daniele had no choice but to base the July 25, 2013 order on Appellant's 2011 tax return because he never provided the 2012 return, despite a court order to do so. *See* Trial Court Opinion, 7/25/13, at 2 ("[Appellant] failed to supply what the Court considers the most important documents in calculating a support order: 2012 Individual and Corporate Tax Returns, which he was specifically directed to bring by the Discovery Order dated April 19, 2013."). Appellant cannot use the pending modification petition to remedy his failure to apprise Judge Daniele of his financial circumstances as they existed prior to the July 25, 2013 support order.

Finally, and contrary to Appellant's assertion, Judge Tolliver plainly did not find any credible evidence that Appellant's financial circumstances changed for the worse after the July 25, 2013 support order:

> This Court also was not impressed that [Appellant's] income is capped at $120,000. [Appellant's] testimony and

documentary evidence demonstrate that [Appellant's] annual salary has not changed, and the amounts of distributions [Appellant] takes is based upon the financial success of Protica. **[Appellant's] testimony regarding his income and the future of Protica was speculative at best.**

First, the evidence demonstrates that [Appellant's] income in 2014, including his salary and distributions from Protica, exceeded $120,000. In addition, [Appellant] has testified that Protica is not winding down, rather it is restructuring. Protica still collects a minimum annual royalty fee of $400,000, is now a party to a commission and equity agreement with NRI, and still collects licensing fees. Although [Appellant] makes much of the reduction in his salary, the record also reveals that he voluntarily agreed to it, in order to assist Protica's transition to a sales company.

Trial Court Opinion, 3/10/15, at 6 (emphasis added). "[Q]uestions of credibility are solely for the trial court as factfinder to decide." **Crawford**, 633 A.2d at 159. We cannot disturb the trial court's credibility determinations, and we conclude that the trial court acted well within its broad discretion in finding that Appellant did not experience a material and substantial change in his financial circumstances subsequent to the July 25, 2013 support order.

In his third and final argument, Appellant asserts that the trial court erred in denying his modification petition because Appellee's salary has risen since the prior order. In support of his argument, Appellant references a single page of the record. Appellant's Brief at 26 (citing N.T. Hearing, 5/5/14, at 42.) Nothing on that page evidences any increase in Appellee's salary. Since Appellant has failed to cite record support for his third

argument, he cannot obtain relief. Pa.R.A.P. 2119(c); ***J.J. DeLuca Co., Inc. v. Toll Naval Assoc.***, 56 A.3d 402, 411 (Pa. Super. 2012).

In summary, we have concluded that none of Appellant's arguments merits relief. We therefore affirm the trial court's order.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 12/21/2015