J-A18009-22

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| NICOLE R. ROBERTSON | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| BRANDEN T. ROBERTSON | : | |
| | : | |
| Appellant | : | No. 1169 WDA 2021 |

Appeal from the Order Entered August 31, 2021
In the Court of Common Pleas of Allegheny County
Family Court at No:  FD-10-04407

BEFORE:  STABILE, J., MURRAY, J., and McLAUGHLIN, J.

MEMORANDUM BY STABILE, J.:                **FILED: NOVEMBER 7, 2022**

Appellant, Branden T. Robertson ("Father"), appeals from the order entered on August 31, 2021 in the Court of Common Pleas of Allegheny County, dismissing his Exceptions to a Hearing Officer's Report and Recommendation ("Recommendation").   Although Father's child support obligation was reduced from a previous order dated July 15, 2016, Father argues that it was error to assign an earning capacity based on Father's income earned in his prior employment.  Following review, we affirm.

Our review of the record reveals that Father and Appellee, Nicole R. Robertson ("Mother"), were married in October 2006 and are the parents of one child, born in January 2010.  Following the parties' separation in August 2010, Mother filed a complaint in support.  Father then filed a complaint in divorce and their divorce was finalized in April 2011.  The main issue between

the parties since that time has been child support. An initial interim child support order was issued in 2010 and finalized in 2011.

In 2016, Father filed a petition for modification. At the conclusion of a hearing held in July 2016, Mother's monthly income was calculated to be $4,795.72 and Father was assessed an earning capacity of $5,141.60 per month.

As the trial court explained:

> Father had worked at BNY Mellon [as a systems engineer] up until May 31, 2016, earning $87,016 gross annually, but beginning on June 1, 2016, he became employed as a pastor earning $40,300, plus living expenses.[1] The Hearing Officer determined that because Father's change of employment was voluntary, it was appropriate to assign him with his previous earning capacity. As a result, Father was ordered to pay [$1,017.44 plus $100 in arrears]/month in support.

Trial Court Opinion, 12/1/21, at 3. The docket does not reflect the filing of any exceptions to the 2016 support order.

In its opinion, the trial court further explained:

> In April 2021, Father filed a Petition for Modification in which he claimed he was entitled to a decrease in his support obligation based on a decrease in his own income, a likely increase in Mother's income, and that it had been over three years since the order was reviewed. A remote hearing was held on June 8, 2021, before Hearing Officer Susan Weber.

---

[1] While working at BNY Mellon, Father began volunteer ministering and discovered ministry was his "true calling." As a result, Father attended seminary school from June 2013 until May 2015 while still working at BNY Mellon, and ultimately earned a Master of Arts Degree in Theological Studies. *See* Notes of Testimony ("N.T."), Support Hearing, 6/8/21, at 9.

> Following the hearing, HO Weber issued her Recommendation in which she granted Father's modification insofar as reducing his obligation simply because it had not been reviewed in over three years, but ultimately denied Father's modification as it related to his income, instead determining as the last Hearing Officer had in 2016, that because his previous change in employment had been voluntary, Father was not entitled to a reduction in his earning capacity. As a result, Father was assessed with an earning capacity of $5,730/month, though ordered to pay only $704.04/month in support.

*Id.* at 4.

Father filed exceptions to the Recommendation, contending (1) that his earning capacity should be reduced because he did not change employment in order to avoid child support and (2) that he was entitled to a reduction in child support obligations because he mitigated his loss of income. Mother countered that the plain language of Pa.R.Civ.P. 1910.16-2(d)(1) defeats Father's claim of entitlement to a reduction because he voluntarily assumed a lower paying job. *Id.* at 4-5.[2] By order dated August 30, 2021 and entered on August 31, 2021, the trial court agreed with Mother and dismissed Father's exceptions. This timely appeal followed. Both Father and the trial court complied with Pa.R.A.P. 1925.

Father asks this Court to consider one issue on appeal:

> Did the lower court err when it assigned Father an earning capacity significantly in excess of his current income based upon income he earned over five years ago, where it was found that

---

[2] We note that Rule 1910.16 was amended on August 17, 2021, with minor changes to the rule effective on January 1, 2022. Both the parties and the trial court refer to language in the rule prior to its amendment and we shall do likewise.

- 3 -

Father did not change his employment to avoid a support obligation, where Father attempted to mitigate the loss of income, where Father continued his schooling to obtain employment in his current chosen profession, and where Father cannot realistically earn the income assigned to him?

Father's Brief at 4.

Our standard of review of child support orders is well settled.

When evaluating a support order, this Court may only reverse the trial court's determination where the order cannot be sustained on any valid ground. We will not interfere with the broad discretion afforded the trial court absent an abuse of the discretion or insufficient evidence to sustain the support order. An abuse of discretion is not merely an error of judgment; if, in reaching a conclusion, the court overrides or misapplies the law, or the judgment exercised is shown by the record to be either manifestly unreasonable or the product of partiality, prejudice, bias or ill will, discretion has been abused.

*Summers v. Summers*, 35 A.3d 786, 788 (Pa. Super. 2012) (citation omitted).

Father argues that the two-prong analysis employed by this Court in *Ewing v. Ewing*, 843 A.2d 1282 (Pa. Super. 2004), supports his assertion that he is entitled to a reduction in his support obligation. In *Ewing*, this Court acknowledged our Supreme Court's recognition in *Yerkes v. Yerkes*, 824 A.2d 1169 (Pa. 2003), that

[i]n Pennsylvania, "where a party voluntarily assumes a lower paying job, there generally will be no effect on the support obligation," and "a party will ordinarily not be relieved of a support obligation by voluntarily quitting work or being fired for cause." Pa.R.C.P. No.1910.16–2(d)(1). In construing this rule, the Superior Court has required that a party seeking modification after a voluntary reduction in income show (1) that the change was not made for the purpose of avoiding child support, and (2) that reduction is warranted based on the party's efforts to mitigate

the lost income. ***See Grimes v. Grimes***, 596 A.2d 240, 242 (Pa. Super. 1991); ***see also Kersey v. Jefferson***, 791 A.2d 419 (Pa. Super. 2002). Otherwise, for calculation of a support obligation, the petitioner will be considered to have an income equal to his or her earning capacity as defined in the support guidelines." ***Grimes***, 596 A.2d at 242.

***Ewing***, 843 A.2d at 1287-88 (quoting ***Yerkes***, 824 A.2d at 1176 n.10) (cleaned up).

The first prong of the modification test is not at issue here. As the trial court appreciated, "It is undisputed that Father changed employment for reasons other than avoiding his child support obligation." Trial Court Opinion, 12/1/21, at 7. With respect to the second prong, Father argues that he has satisfied the mitigation requirement because he has remained in his chosen profession for five years and has increased his income by approximately $10,000 annually in that time. While Father accurately represents the duration of his ministerial employment and his increase in income, that continued ministry and increased income is not dispositive of the issue.

Father's original support obligation was modified in 2016, shortly after he began his ministry. At that time, the hearing officer set Father's support obligation based on his earning capacity, using his previous salary with BNY Mellon. At his 2021 hearing, while he argued that increased earnings since 2016 constituted evidence of mitigation,[3] Father repeated the same

_____

[3] Father's counsel presented documentation to the court evidencing Father's 2021 salary of approximately $50,200 plus an expense allowance of $2,500.
*(Footnote Continued Next Page)*

arguments that he presented unsuccessfully at his 2016 hearing, *i.e.*, that he left his BNY Mellon position for reasons other than to reduce his original support obligations and that he mitigated his lost income by entering into his ministry immediately upon quitting his job at BNY Mellon.

In **Samii v. Samii**, 847 A.2d 691 (Pa. Super. 2004), this Court explained:

> When modification of a child support order is sought, the moving party has the burden of proving by competent evidence that a material and substantial change of circumstances has occurred **since the entry of the [] modified order**. The lower court must consider all pertinent circumstances and base its decision upon facts appearing in the record which indicate that the moving party did or did not meet the burden of proof as to changed conditions.

*Id.* at 695 (emphasis added) (citing **Commonwealth ex rel. Sladek v. Sladek**, 563 A.2d 172, 173 (Pa. Super. 1989)). **See also Summers, supra**, 35 A.3d at 789 ( "The burden of demonstrating a material and substantial change rests with the moving party, and the determination of whether such change has occurred in the circumstances of the moving party rests within the trial court's discretion."); **Soncini v. Soncini**, 612 A.2d 998, 1000 (Pa. Super. 1992) (a court may only modify an existing support award when the party requesting the modification shows a material and substantial change in circumstances since the order was entered). "The most recent order is the one

---

N.T., Support Hearing, 6/8/21, at 11. While that reflects an increase from his 2016 salary of $40,300 plus living expenses, it still reflects a decrease of more than $35,000 from his BNY Mellon earnings presented at the 2016 hearing.

that is pertinent to the determination of whether a change in circumstances has occurred." ***Samii***, 847 A.2d at 695 (citing ***Sladek***, 563 A.2d at 173).

Father has not demonstrated that any material or substantial change of circumstances has occurred since the entry of the modified order in 2016. While his annual salary has increased by approximately $10,000 since 2016, it is still more than $35,000 less than his 2016 salary from BNY Mellon. And, as noted, the arguments raised at the 2021 hearing were substantially the same arguments presented at the 2016 modification hearing. Therefore, the hearing officer appropriately rejected his renewed claim of entitlement to a lower earning capacity and the trial court did not abuse its discretion in dismissing Father's Exceptions to the Recommendation.[4]

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 11/7/2022

---

[4] Although the trial court considered (and rejected) Father's mitigation argument, it did not do so in the context of whether there had been a substantial change in circumstances since entry of the 2016 support order, as outlined in ***Samii***. While we reach our conclusion based on reasoning different from that of the trial court, we recognize that this Court may affirm the decision of the court below on any basis. ***See, e.g., Baehr v. Baehr***, 889 A.2d 1240, 1244 (Pa. Super. 2005).