HOFFMAN, Senior Judge:
This appeal arises from the November 18, 1993 trial court order increasing appellant David V. Killen’s child support payments. Appellant presents three issues for our review:
I. Did the lower court abuse its discretion when it applied the newly revised statewide child and spousal support guidelines, which became effective January 27, 1993, to the appellee’s petition to increase child support filed on May 22,1991 without first determining whether the appellee met her burden of proof to show that there was a substantial and material and permanent change of circumstances since the original Support Order dated November 20, 1989 instead of the uniform guidelines in effect at the time, specifically Pa.R.C.P. 1910.19 including its explanatory comments [sic]?
II. Or in the alternative, did the lower court misapply the statewide uniform support guidelines effective January 27, 1993 to the parties’ income levels to determine whether an increase should be granted without first requiring the appellee to prove by competent evidence that there was a substantial and material permanent change of circumstances of the parties?
*62 III. Whether the lower court miscalculated appellee’s income when it did not include therein monthly rentals and her income tax refunds?
Appellant’s Brief at 5. For the reasons stated below, we reverse and remand.
On June 2, 1980, appellant and appellee, Marjorie A. Farabaugh, were married. Two children were born of the marriage. The parties separated on August 27,1987, and on August 4,1989, appellee filed a complaint for child support against appellant. The parties agreed that appellant should pay $400.00 per month in child support and an order enforcing the agreement was entered on November 20, 1989. Appellee filed a complaint for divorce on March 29, 1990. On.November 19, 1990, the parties entered into a marriage settlement agreement. The settlement agreement provided that appellee would not seek an increase in child support if appellant made timely child support payments. On May 22, 1991, appellee filed a petition to increase child support, asserting that the existing child support order was insufficient due to changed circumstances. On July 7, 1991, appellant filed preliminary objections, alleging that the petition violated the terms of the marriage settlement agreement. The trial court entered an order granting appellant’s preliminary objections. On appeal, this Court reversed the order and remanded the case for further proceedings. See Marjorie Anne Farabaugh, formerly Marjorie Anne Killen v. David Vernon Killen, 424 Pa.Super; 668, 617 A.2d 395 (1992). Following a hearing, a Domestic Relations Hearing Officer, using the Child Support Guidelines, recommended that appellant pay $766.00 in child support per month, as well as pay all child support in arrears from the date when the petition to increase child support was first filed. On June 29, 1993, the trial court entered an order adopting the master’s recommendation. On July 12, 1993, appellant filed preliminary objections to the order. Subsequently, on November 18, 1993, the trial court vacated the order and entered another order directing appellant to pay $746.00 per month in child support, to pay child support in arrears at a rate of only $200.00 per month, beginning December 1993, and to be responsible for sixty percent of unreimbursed medical expenses.
First, appellant contends that the trial court erred in applying the 1993 amended child support guidelines as the instant petition was filed in 1991. A careful review of the record reveals, however, that the trial court applied the more stringent pre-1993 Rule 1910.19(a) in granting appellee’s petition.[1] Accordingly, this issue is meritless.
Next, appellant claims that the trial court erred in increasing appellant’s child support payments as there was no substantial or material change in circumstances. We disagree.
A trial court may only modify a child support order when the party requesting modification shows a material and substantial change in circumstances since the order was entered.[2] Crawford v. Crawford, 429 Pa.Super. 540, 559, 633 A.2d 155, 164 (1993). Oür Court has noted that changed circumstances include proof of an increase in expenditures for litigants’ children, along with other facts which could demonstrate that a previous support order should be reconsidered. See Newman v. Newman, 409 Pa.Super. 108, 114, 597 A.2d 684, 687 (1991), alloc. denied, 530 Pa. 660, 609 A.2d 168 (1992).
In the instant case, there were adequate grounds for the trial court to find that a material and substantial change in circumstances had occurred since the entry of the initial support award. There had been a *63 substantial increase in expenditures for both children. One child required tutoring for a learning disability and both children needed substantial orthodontic work. In addition, appellee had experienced necessary household expenses, including approximately $3,000 to replace the furnace. See Commonwealth ex rel. Sladek v. Sladek, 386 Pa.Super. 490, 496, 563 A.2d 172, 175 (1989) (specific increase in cost of living, which affects expenditures on children, constituted change of circumstances under Rule 1910.19(a)). Accordingly, we find that the court did not abuse its discretion by modifying appellant’s obligation of child support. Kelly v. Kelly, 430 Pa.Super. 31, 633 A.2d 218, 219 (1993) (child support order won’t be disturbed absent abuse of discretion by trial court).
Finally, appellant argues that the trial court erred in its calculation of appellee’s net income under the guidelines. Specifically, appellant claims that money received from the rental of appellee’s mobile home as well as two income tax refunds were not included in appellee’s net income. We agree.
The child support guidelines state as follows:
The amount of support to be awarded is based in large part upon the parties’ monthly net income_ The term “income” is defined by the support law, 23 Pa.C.S. § 4302, and includes income from any source. The statute lists many types of income including:
... (2) net income from business or dealings in property.
Pa.R.Civ.Pro. 1910.16-5(b). Here, appellee had been receiving monthly payments from the renting of her mobile home. These rental receipts were not, however, included in the trial court’s calculation of appellee’s net income. Moreover, the trial court failed to include appellee’s income tax refunds for 1991 and 1992 in this figure. Young v. Muthersbaugh, 415 Pa.Super. 591, 595, 609 A.2d 1381, 1383 (1992) (tax refunds are included in parties’ net income figure when determining child support under guidelines).
As the trial court should have included the rental receipts and the two refunds in the calculation of appellee’s net income, we reverse and remand for proceedings consistent with this Opinion.
Reversed and remanded. Jurisdiction is relinquished.

. As the newly amended Rule 1910.19(a) does not state whether it can be applied retroactively, the trial court was correct to apply the old version. 1 Pa.C.S. § 1926 ("No statute shall construed to be retroactive unless clearly and manifestly so intended by the General Assembly.”)

. We note that under the language of the newly amended Rule 1910.19(a), a hearing court may now modify a child support order upon a showing that the support guidelines recommends a higher child support figure than had been previously ordered. Commonwealth v. Harner, 533 Pa. 14, 20, 617 A.2d 702, 705 (1992) ("When language of a statute is clear and unambiguous, it must be given effect in accordance with its plain and common meaning.”).