**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| KIRISA L. GENNOCK | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellant | |
| v. | |
| JOHN S. GENNOCK | |
| Appellee | No. 1141 WDA 2014 |

Appeal from the Order Entered June 16, 2014
In the Court of Common Pleas of Lawrence County
Domestic Relations at No(s): 597 of 2005, D.R., PACSES NO. 876107490

BEFORE:  GANTMAN, P.J., JENKINS, J., and MUSMANNO, J.

MEMORANDUM BY GANTMAN, P.J.:                     **FILED APRIL 02, 2015**

Appellant, Kirisa L. Gennock ("Mother"), appeals from the order entered in the Lawrence County Court of Common Pleas, which granted Appellee's, John S. Gennock ("Father"), petition for modification of child support and suspended Father's child support payments.  We vacate and remand for further proceedings.

The trial court's opinion sets forth the relevant facts and procedural history of this case as follows:

> [Mother] and [Father] are the natural parents of two minor children.  [Mother] initiated a complaint for child support on July 15, 2005.  At that time, [Mother] was employed as a school teacher, and [Father] was a [self-employed] contractor.  Following a conference, [Father] was assessed a monthly support obligation for the two minor children.  On December 4, 2013, [Father] filed a petition for modification of child support, wherein [Father] claimed he suffered from a medical disability and is unable to work.

[Father] failed to provide the Office of Domestic Relations with sufficient verification of his disability, and his request for a reduction in his child [s]upport obligation was dismissed. [Father] was directed to continue child support payments as directed by the July 14, 2011 Support Order. [Father] then filed a timely demand for a hearing before [the trial] [c]ourt.

At the [*de novo*] [h]earing, [Father] testified as to his various forms of past employment. [Father] eventually became a self-employed contractor in 2001. In February 2012, [Father] began to suffer chronic pain and fatigue. [Father] stated that he attempted to maintain continuous employment, but [Father] was unable to work at the capacity required in the construction trade. [Father] has continuously undergone medical treatment, but his insurance changed following the parties' divorce in January of 2014. Consequently, [Father] had to begin a new course of treatment with different physicians. [Father] described his inability to complete daily functions and his struggles with pain management. [Father] expressed a desire to work and various attempts at employment, but explained that his severe pain made any efforts futile.

[Mother] testified that she has observed [Father] performing yard work at his girlfriend's residence. [Mother] stated that within weeks of the [*de novo*] [h]earing she saw [Father] operating a Bobcat and mending a fence in the back yard. [Mother] believes [Father] is able to maintain a full-time job and requests [Father] be assessed a monthly earning capacity consistent with his prior income.

Based upon the testimony presented, [the trial] [c]ourt entered an [o]rder on June 16, 2014[,] suspending [Father's] child support obligation. From this [o]rder, [Mother] filed a timely appeal.

(Trial Court Opinion, filed August 15, 2014, at 2-3). The court ordered Mother to file a concise statement of errors complained of on appeal pursuant to Pa.R.A.P. 1925(b), and Mother timely complied.

- 2 -

Mother raises the following issues for our review:

WHETHER THE TRIAL COURT ERRED IN FINDING THAT [FATHER] WAS UNEMPLOYED AND THEREFORE LACKS SUFFICIENT INCOME TO ASSESS A CHILD SUPPORT ORDER FOR THE BENEFIT OF THE PARTIES' MINOR CHILDREN?

WHETHER THE TRIAL COURT ERRED IN FINDING [FATHER] WAS NOT SELF-EMPLOYED?

WHETHER THE TRIAL COURT ERRED IN DETERMINING [FATHER] WAS UNABLE TO WORK DUE TO REASONS OTHER THAN MEDICAL REASONS?

(Mother's Brief at 4).

In her issues combined, Mother argues Father willfully failed to obtain or maintain appropriate employment. Mother claims Father is able to work but chooses not to; and he failed to produce any medical evidence that he is unable to work. Mother maintains the court unreasonably determined Father lacked sufficient income to pay child support because he was unemployed, and the court should have imputed an earning capacity to Father. Mother concludes this Court should vacate and remand for a hearing to determine Father's proper earning capacity and child support obligation. We agree.

The well-settled standard of review in a child support case provides:

When evaluating a support order, this Court may only reverse the trial court's determination where the order cannot be sustained on any valid ground. We will not interfere with the broad discretion afforded the trial court absent an abuse of the discretion or insufficient evidence to sustain the support order. An abuse of discretion is not merely an error of judgment; if, in reaching a conclusion, the court overrides or misapplies the law, or the judgment exercised is shown by the record to be either manifestly

- 3 -

unreasonable or the product of partiality, prejudice, bias or ill will, discretion has been abused. In addition, we note that the duty to support one's child is absolute, and the purpose of child support is to promote the child's best interests.

*Silver v. Pinskey*, 981 A.2d 284, 291 (Pa.Super. 2009) (*en banc*) (quoting *Mencer v. Ruch*, 928 A.2d 294, 297 (Pa.Super. 2007)). Additionally, "[t]he fact-finder is entitled to weigh the evidence presented and assess its credibility[.]" *Samii v. Samii*, 847 A.2d 691, 697 (Pa.Super. 2004) (quoting *Green v. Green*, 783 A.2d 788, 790 (Pa.Super. 2001), *appeal denied*, 569 Pa. 707, 805 A.2d 524 (2002)).

In most cases, child support is awarded pursuant to a statewide guideline as follows:

### § 4322.  Support guideline

**(a) Statewide guideline.**—Child and spousal support shall be awarded pursuant to a Statewide guideline as established by general rule by the Supreme Court, so that persons similarly situated shall be treated similarly. The guideline shall be based upon the reasonable needs of the child or spouse seeking support and the ability of the obligor to provide support. In determining the reasonable needs of the child or spouse seeking support and the ability of the obligor to provide support, the guideline shall place primary emphasis on the net incomes and earning capacities of the parties, with allowable deviations for unusual needs, extraordinary expenses and other factors, such as the parties' assets, as warrant special attention. The guideline so developed shall be reviewed at least once every four years.

23 Pa.C.S.A. § 4322(a). Well-established law makes clear both parents are responsible for the support of their children. *Sammi, supra* at 696 (citation

omitted).  Significantly, "[t]he determination of a parent's ability to provide child support is based upon the parent's earning capacity rather than the parent's actual earnings."  *Id.* (quoting *Laws v. Laws*, 758 A.2d 1226, 1229 (Pa.Super. 2000)).  "Where a party voluntarily assumes a lower paying job, there generally will be no effect on the support obligation.  Where a party willfully fails to obtain appropriate employment, his…income will be considered to be equal to his…earning capacity."  *Portugal v. Portugal*, 798 A.2d 246, 250 (Pa.Super. 2002) (citing *Kersey v. Jefferson*, 791 A.2d 419 (Pa.Super. 2002)) (internal citations and quotation marks omitted).  Earning capacity is the amount that a person could realistically earn under the circumstances, not the amount which a person could theoretically earn.  *Gephart v. Gephart*, 764 A.2d 613, 615 (Pa.Super. 2000).  "Age, education, training, health, work experience, earnings history and child care responsibilities are factors which shall be considered in determining earning capacity."  Pa.R.C.P. 1910.16-2(d)(4).  Further, the trial court must conduct a full inquiry before making a factual determination about a party's earning capacity.  *See Haselrig v. Haselrig*, 840 A.2d 338 (Pa.Super. 2003).

"When a party seeks to modify a child support order, the moving party has the burden of proving by competent evidence that a material and substantial change of circumstances has occurred since the entry of the original or modified support order."  *Soncini v. Soncini*, 612 A.2d 998, 1000 (Pa.Super. 1992) (citation omitted).  "[C]hanged circumstances include

proof of an increase in expenditures for litigants' children, along with other facts which could demonstrate that a previous support order should be reconsidered." *Farabaugh v. Killen*, 648 A.2d 60, 62 (Pa.Super. 1994) (citation omitted). "The change in circumstances must be 'permanent,' meaning it is irreversible and indefinite in duration." *Crawford v. Crawford*, 633 A.2d 155, 164 (Pa.Super. 1993) (citation omitted).

"The lower court must consider all pertinent circumstances and base its decision upon facts appearing in the record which indicate that the moving party did or did not meet the burden of proof as to changed conditions." *Sammi, supra* at 695 (citation omitted). "[W]here the moving party's burden of proof has not been met, an abuse of discretion will be found." *Crawford, supra* (citation omitted). *See Kimock v. Jones*, 47 A.3d 850, 857 (Pa.Super. 2012) (holding father's failure to provide trial court with any variation in his finances or child's needs, which would affect his ability to pay support, did not constitute material and substantial change in circumstances); *Soncini, supra* (holding father failed to show material and substantial change of circumstances because record failed to support father's claims of decreased earnings and increased expenses).

*Compare Farabaugh, supra* (holding substantial increase in expenditures for children, including tutoring for learning disability and substantial orthodontic work, along with necessary household expenses, constituted material and substantial change in circumstances);

*Commonwealth ex rel. Sladek v. Sladek*, 563 A.2d 172, 175 (Pa.Super. 1989) (holding specific increase in cost of living, which affects expenditures on children, constituted change of circumstances under Rule 1910.19(a)); *Hesidenz v. Carbin*, 512 A.2d 707, 712 (Pa.Super. 1986) (holding appellant produced sufficient evidence to demonstrate substantial change in circumstances by introducing doctor's deposition testimony, which detailed Appellant's deteriorating health due to symptoms of coronary artery disease after birth of second child, and doctor's recommendation led to appellant's decision to terminate part-time employment).

Instantly, at the *de novo* hearing, Father testified that he was a self-employed contractor from 2001 until February 2012, when he was suddenly unable to get out of bed for two weeks. (N.T., 6/3/14, at 10-12). Father testified he continues to suffer from severe pain in various parts of his body, which prevents him from completing the daily functions of an employee or general contractor. *Id.* at 14-15. Father also testified he has been treating with several physicians since February 2012; however, he was forced to obtain new physicians in January 2014, after a change in medical insurance. *Id.* at 16-17. Father testified he attempted to perform contracting work in the six months prior to the hearing, but he was able to work only twenty-five percent of the time he used to work. *Id.* at 17-18, 19-20. Nevertheless, Father testified he reached a point in October 2014, where he could no longer work at all. *Id.* at 21. Additionally, Mother testified at the hearing

that she saw Father working in the yard of his home one week prior to the hearing. *Id.* at 36-38. Mother also introduced three photographs of an individual she claimed was Father performing various contracting work in the yard. *Id.* at 36-41.

Father's testimony was his only evidence. There is nothing in the record to prove Father's total disability except his testimony. Father did not present any medical or other documentary evidence, any witnesses, or any physical evidence of his total disability. Therefore, Father failed to introduce any substantiating evidence to support his self-proclaimed total disability. Notwithstanding Father's testimony, Father did not meet his burden of proof to show a material and substantial change of circumstances. ***See Soncini, supra***. Thus, the court's decision to suspend Father's child support payments was in error. ***See Crawford, supra***; ***Silver, supra***. Accordingly, we vacate the trial court's order and remand for a new hearing so Father can present admissible corroborating evidence of a change in circumstances regarding earning capacity to justify relief from child support.

Order vacated; case remanded for further proceedings. Jurisdiction is relinquished.

Judgment Entered.

_____

Joseph D. Seletyn, Esq.
Prothonotary


Date: <u>4/2/2015</u>