J-S11014-17

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| C.A.C., | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellant | |
| v. | |
| M.J.C., | |
| Appellee | No. 1047 WDA 2016 |

Appeal from the Order entered July 13, 2016
In the Court of Common Pleas of Erie County
Domestic Relations at No(s): NS201300496

BEFORE:  OLSON and RANSOM, JJ., and STEVENS, P.J.E.*

MEMORANDUM BY OLSON, J.:                      **FILED APRIL 6, 2017**

C.A.C. ("Mother") appeals from the July 13, 2016 order suspending M.J.M.'s ("Father's") child support obligation.[1]  We reverse.

The relevant factual background and procedural history of this case are as follows.  On October 15, 1994, Father and Mother married.  In August 2006, the parties had twins.  On June 1, 2012, the parties separated.  On April 2, 2013, Mother filed a complaint seeking child support from Father.  On May 3, 2013, the trial court ordered Father to pay Mother $486.00 per month in child support plus $70.00 per month in arrears.  On April 10, 2014, the trial court suspended Father's child support obligation.  On October 6, 2014, the trial court signed a consent order requiring Father to pay Mother $275.00 per month in child support.  That order further provided that if

_____

[1] We are using the parties' initials to protect the identity of the children.

* Retired Justice specially assigned to the Superior Court

Father were denied disability benefits, the amount due to Mother would increase to $486.00, retroactive to March 17, 2014.

In September 2015, Father was denied disability benefits.[2] Mother filed a petition to enforce the October 6, 2014 order by requiring Father to pay $486.00 in child support. On January 14, 2016, a hearing officer denied the petition and Mother did not seek a hearing *de novo* before the trial court. On April 28, 2016, Father filed a petition to terminate his child support obligation. He argued that he was permanently disabled and unable to find employment. On May 24, 2016, a support conference was held. On July 8, 2016, a *de novo* hearing was held before the trial court. On July 13, 2016, the trial court granted Father's petition and suspended his child support obligation. This timely appeal followed.[3]

Mother presents three issues for our review:

1. Whether the trial court erred and/or abused its discretion when it entered an order suspending child support without any evidentiary support[?]

2. Whether the trial cour[t] erred and/or abused its [discretion] when it failed to apply the mandates of [Pennsylvania Rule of Civil Procedure] 1910.29[?]

---

[2] Father filed a subsequent disability claim which was pending before an administrative law judge at the time of the hearing in this case.

[3] On August 3, 2016, the trial court ordered Mother to file a concise statement of errors complained of on appeal ("concise statement"). *See* Pa.R.A.P. 1925(b). On August 23, 2016, Mother filed her concise statement. On September 2, 2016, the trial court issued its Rule 1925(a) opinion. All issues raised on appeal were included in Mother's concise statement.

  3. Whether the trial court erred and/or abused its discretion when it failed to find that [Father] had an earning [capacity?]

Mother's Brief at 4 (complete capitalization omitted).

  All three of Mother's issues involve the trial court's suspension of Father's child support obligation. "We review a child support order for an abuse of discretion." ***E.R.L. v. C.K.L.***, 126 A.3d 1004, 1007 (Pa. Super. 2015) (citation omitted).

  In her first issue, Mother argues that there was insufficient evidence to find that Father's circumstances had changed since the October 6, 2014 consent order. We agree. In order to be eligible for modification of a support order, a petitioner must show that there is "a material and substantial change in circumstances[.]" Pa.R.C.P. 1910.19(c); ***see Farabaugh v. Killen***, 648 A.2d 60, 62 (Pa. Super. 1994) (citation and footnote omitted) ("A trial court may only modify a child support order when the party requesting modification shows a material and substantial change in circumstances since the order was entered."). In this case, the trial court found that there was a material and substantial change in circumstances because "Appellant is currently disabled and unable to work." Trial Court Opinion, 9/2/16, at 1. The record reflects, however, that the October 6, 2014 order was based upon the fact that Father was unable to work due to his alleged medical condition and disabled status. ***See*** N.T., 7/8/16, at 4; ***see also*** Summary of Trier of Fact, 4/10/14, at 2 (Attaching March 11, 2014 physician verification form stating that Father was unable to work). Thus,

- 3 -

there was no material and substantial change in circumstances since the October 6, 2014 consent order. Therefore, the trial court erred in granting Father's petition.[4]

Order reversed. Case remanded. Jurisdiction relinquished.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 4/6/2017

_____

[4] As Appellant is entitled to relief on her first assignment of error, we decline to address her second and third issues raised on appeal.